**L. B. STOKES, Appellant,**

v.

**TEXAS CONSUMER FINANCE CORPORATION, Appellee.**

No. 16356.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 12, 1962.

Rehearing Denied Nov. 9, 1962.

Mack & Mack, Christopher & Bailey and M. Ward Bailey, Fort Worth, for appellant.

McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellee.

RENFRO, Justice.

L. B. Stokes, as plaintiff, brought suit against Texas Consumer Finance Corpora-tion for damages based upon the refusal of defendant to issue to him 2,000 shares of stock under an option agreement.

The option agreement, dated June 20, 1959, extended to plaintiff an option to pur-chase 10,000 shares of common stock of Texas Consumer Finance Corporation, sub-ject to the following:

"1. This option covers a period from June 20, 1959, to June 20, 1964, and ex-pires at 5 p. m., Central Standard Time on June 20, 1964.

"2. You, L. B. Stokes, must have been in the employ of Texas Consumer Finance Corporation or a wholly owned subsidiary for 12 months to exercise this option. The entire unexercised portion of the option be-comes null and void at the time you leave this employment regardless of reason for termination of employment.

"3. Not more than 2,000 shares of this option stock may be purchased in any one 12 month period with the exception that all or any portion of the unsubscribed portion may be purchased in the 12 month period ending June 20, 1964."

4. This section required plaintiff, in event he desired to sell prior to June 20, 1964, any stock which he might purchase under the option agreement, to offer it in writing to defendant.

5. Paragraph five required cash payment for any stock purchased by plaintiff.

On June 29, 1960, plaintiff applied for and received a certificate for 2,000 shares of common stock.

On July 18, 1960, plaintiff made written request for the issuance of a second 2,000 shares of stock. Defendant refused to sell the stock. It was upon that refusal of de-fendant to sell the second 2,000 shares that plaintiff brought suit.

The trial court entered judgment for de-fendant.

Plaintiff contends that the refusal of de-fendant to deliver the second 2,000 shares

of stock on July 18, 1960, breached the terms of the option contract of June 20, 1959.

Plaintiff contends the option contract was ambiguous in that paragraph 3 provided that 2,000 shares might be purchased in any twelve month period, while paragraph 2 provided that a period of employment of 12 months must elapse before the option could be exercised. Plaintiff argues that "under numbered paragraph 3 of the option in question, appellant was entitled to buy 2,000 shares of stock during any one of the five 12 month periods following June 20, 1959, except that under the provisions of numbered paragraph 2 of the option he was required to defer the acquisition of the first 2,000 shares to which he became entitled until the expiration of 12 months from June 20, 1959. Though appellant under the terms of the option could not consummate the purchase of the first 2,000 shares until after June 20, 1960, the second 12 month period of the option began to run on June 20, 1960, and thus appellant after such date was entitled to purchase the second 2,000 shares of the said stock, which he attempted to do on July 18, 1960."

It was undisputed that plaintiff had been in the employment of defendant for more than 12 months prior to the date of the option contract, and that his employment with defendant was terminated July 19, 1960. Hence, he was eligible to purchase 2,000 shares of stock during the year June 20, 1959, to June 20, 1960, as provided in paragraph numbered 1. He did not choose to do so, but made his first purchase June 29, 1960, or after the beginning of the second year. He was not entitled to purchase 2,000 shares on July 18, 1960, for that would have amounted to the purchase of 4,000 shares for the year June 20, 1960, to June 20, 1961. It is true that under provisions of paragraph 3 he could have purchased stock in the year 1964 in an amount sufficient to cover the first option year (June 20, 1959, to June 20, 1960) but he did not remain in the employment of · defendant

sufficient time to qualify, under paragraph 3, to take full advantage of the option.

In our opinion the option contract was unambiguous. It seems clear that the one-year periods began and ended on June 20 of each year. As shown above, the closing portion of paragraph 3 refers to "the 12 month period ending June 20, 1964."

In brief, the contract provided that plaintiff could purchase 2,000 shares of stock during the year June 20, 1959, to June 20, 1960. He did not exercise his option. He did exercise his option to purchase 2,000 shares during the year June 20, 1960, to June 20, 1961. The stock was issued to him. The defendant was not obligated, under the terms of the contract, to honor his request of July 18, 1960, for a second 2,000 shares during the year June 20, 1960, to June 20, 1961.

The judgment of the trial court is affirmed.